UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRAVON LEWIS STOKES,<br>Plaintiff,<br>v.<br>CHIEF MEDICAL OFFICER, *et al.*,<br>Defendants. | Case No. 1:26-cv-07048-FJS (PC)<br><br>ORDER STRIKING UNSIGNED FILING (ECF No. 14)<br><br>ORDER REQUIRING PLAINTIFF TO FILE A SIGNED AND COMPLETED APPLICATION TO PROCEED *IN FORMA PAUPERIS* OR PAY FILING FEE<br><br>THIRTY (30) DAY DEADLINE |

Plaintiff Travon Lewis Stokes ("Plaintiff") is a state prisoner proceeding *pro se* in this civil rights action under 42 U.S.C. § 1983.

On September 3, 2026, Plaintiff filed a document titled "First Supplemental Decleration [sic] of Travon Lewis Stokes in Support of Pending Emergency Motion for a Temporary Restraining Order" and a civil cover sheet. (ECF Nos. 1, 2.) Plaintiff did not file a civil complaint, pay the filing fee, or submit an application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. Accordingly, on September 8, 2026, the court directed Plaintiff to file a complaint in compliance with the Federal Rules of Civil Procedure and the Local Rules of the Eastern District of California, and to submit an application to proceed *in forma pauperis*,

completed and signed, or in the alternative, pay the $405.00 filing fee for this action. (ECF No. 5.)

On September 21, 2026, Plaintiff filed a prisoner civil rights complaint, motion to appoint counsel, motion to proceed *in forma pauperis*, and a motion for temporary restraining order. (ECF Nos. 6–9.) Only the complaint was signed. (ECF No. 6 at 40.) The remaining motions were typed and included only a typewritten version of Plaintiff's name, but no signature. (ECF No. 7 at 2; ECF No. 8 at 1; ECF No. 9 at 2, 4.) The court ordered that the motion to appoint counsel, motion to proceed *in forma pauperis*, and motion for temporary restraining order be stricken from the record for lack of signature. (ECF No. 11.) The court also directed Plaintiff to submit a signed application to proceed *in forma pauperis* by a prisoner within thirty days. (*Id.*)

On September 28, 2026, Plaintiff filed a notice of signed application to proceed *in forma pauperis*, notice of supplemental facts in support of TRO, and notice of revised, amended, consolidated facts in support of TRO. (ECF Nos. 12–14.)

As with Plaintiff's previous filings, the notice of revised, amended, consolidated facts in support of TRO is typed and includes only a typewritten version of Plaintiff's name, but no signature. (ECF No. 14 at 3.) The filing will therefore be stricken for lack of signature. (ECF No. 11); Fed. R. Civ. P. 11(a); Local Rule 131(b).

With respect to Plaintiff's notice of supplemental facts in support of TRO, the court notes that while this motion includes Plaintiff's signature, (ECF No. 13 at 5), there is no pending motion for temporary restraining order in this action. As noted above, the motion for temporary restraining order Plaintiff purported to file on September 21, 2026, (ECF No. 9), was stricken from the record for lack of signature. The court therefore disregards Plaintiff's notice.

Finally, Plaintiff's notice regarding the submission of his signed application to proceed *in forma pauperis*, is insufficient to comply with the court's order. It appears, Kristin Wilson, a third-party described as Plaintiff's "Friend/Outside Representative," submitted this document "by mail from the street" on behalf of Plaintiff. (ECF No. 12 at 1.) The filing alleges that because Plaintiff is in lockdown, lacks reliable access to electronic scanning terminals due to institutional filing obstructions, and faces an active, life-threatening medical emergency, this hard copy is

being processed directly by his outside representative to avoid any further delays. (*Id.*) The next page includes what appears to be a re-typed approximation of the court's application to proceed *in forma pauperis* by a prisoner, with Plaintiff's handwritten signature. (*Id.* at 2.) The "application," however, fails to include the full language from the application form, which reads:

> I hereby authorize the agency having custody of me to provide a certified copy of my trust account statement for activity covering the last six months to the Court. Additionally, once eligibility is established, I further authorize the agency having custody of me to collect from my trust account and forward to the Clerk of the United States District Court payments in accordance with 28 U.S.C. § 1915(b)(2).

(ECF No. 5-1 at 3.) Due to this deficiency, the court cannot accept the proffered application.

Plaintiff will be permitted a further opportunity to file a signed application to proceed *in forma pauperis* that complies with the Federal Rules of Civil Procedure and the Local Rules, or to pay the filing fee in full to proceed with this action. Plaintiff is not required to send a new copy of his certified prison trust account statement.

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's notice of revised, amended, consolidated facts in support of TRO, (ECF No. 14), is STRICKEN from the record for lack of signature;
2. The Clerk of the Court is DIRECTED to send to Plaintiff an application to proceed *in forma pauperis* by a prisoner;
3. Within thirty (30) days of the date of service of this order, Plaintiff SHALL SUBMIT the attached application to proceed *in forma pauperis*, completed and signed, or in the alternative, pay the $405.00 filing fee for this action; and
4. Plaintiff is warned that the failure to comply with this order will result in dismissal of this action, without prejudice, for failure to prosecute and failure to obey a court order.

IT IS SO ORDERED.

Dated: **October 1, 2026**

UNITED STATES MAGISTRATE JUDGE