UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRAVON LEWIS STOKES,<br>Plaintiff,<br>v.<br>CHIEF MEDICAL OFFICER, *et al.*,<br>Defendants. | Case No. 1:26-cv-07048-FJS (PC)<br><br>ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN DISTRICT JUDGE TO ACTION<br><br>ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL (ECF No. 18)<br><br>FINDINGS AND RECOMMENDATIONS TO DENY PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER (ECF No. 18)<br><br>FOURTEEN (14) DAY DEADLINE |

Plaintiff Travon Lewis Stokes ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. The court has not yet screened the complaint.

I. MOTION FOR TEMPORARY RESTRAINING ORDER

On October 8, 2026, Plaintiff filed a motion for temporary restraining order. (ECF No. 18.) In the motion, Plaintiff moves for an emergency temporary restraining order and preliminary injunction compelling the Warden and Chief Medical Officer of Kern Valley State Prison to immediately transfer Plaintiff to an outside hospital emergency room for full color duplex

vascular mapping and to issue a permanent wheelchair chrono. (*Id.* at 7.) Plaintiff also seeks appointment of pro bono counsel. (*Id.*) Plaintiff further requests an immediate federal protective order and subpoena to compel the Warden of Kern Valley State Prison to "pull, preserve, and log the unedited main dayroom surveillance camera footage and all active body-worn camera recordings" of staff members present during Dr. Nguyen's September 27, 2026, physical examination. (*Id.* at 6.)

Plaintiff incorporates the allegations in his complaint regarding his "severe lower extremity muscle wasting, advanced circulatory degradation, and debilitating neurological dizziness spanning over two years." (ECF No. 6 at 2.) Plaintiff further alleges that "his vascular baseline has collapsed into a terminal crisis" such that he now requires emergency care. (*Id.* at 2.) Plaintiff alleges that the physical examination conducted by the responding institutional physician, Dr. Nguyen, on September 27, 2026, was insufficient and constituted physical assault and gross malicious neglect. (*Id.* at 4–5.) After Dr. Nguyen concluded his examination, Plaintiff alleges custody staff used the pretext of cell count time to coerce him to return to his cell without diagnostic scanning, a transport wheelchair, or emergency cardiovascular stabilization. (*Id.* at 5–6.) Plaintiff alleges that forcing him to wait until October 14, 2026, for a delayed vascular ultrasound, while forcing weight-bearing movements, guarantees rapid tissue necrosis or a fatal pulmonary embolism. (*Id.* at 3.)

Plaintiff contends that he satisfies the requirements for preliminary injunctive relief. Plaintiff insists that the body camera evidence of Dr. Nguyen's physical examination establish a textbook case of Eighth Amendment deliberate indifference. Further, without immediate outside emergency hospital intervention and a transport wheelchair, Plaintiff faces an imminent threat of permanent tissue necrosis, a ruptured deep vessel, or a fatal pulmonary embolism. Finally, Plaintiff contends the prison faces zero administrative hardships by executing an emergency ambulance transport, whereas Plaintiff faces immediate physical destruction.

A. Legal Standard

"A preliminary injunction is an extraordinary remedy never awarded as of right." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008) (citation omitted). "A plaintiff seeking a

preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Id.* at 20 (citations omitted). An injunction may only be awarded upon a clear showing that the plaintiff is entitled to relief. *Id.* at 22 (citation omitted).

Federal courts are courts of limited jurisdiction and in considering a request for preliminary injunctive relief, the court is bound by the requirement that as a preliminary matter, it have before it an actual case or controversy. *City of L.A. v. Lyons*, 461 U.S. 95, 102 (1983); *Valley Forge Christian Coll. v. Ams. United for Separation of Church & State, Inc.*, 454 U.S. 464, 471 (1982). If the court does not have an actual case or controversy before it, it has no power to hear the matter in question. *Id.* Requests for prospective relief are further limited by 18 U.S.C. § 3626(a)(1)(A) of the Prison Litigation Reform Act. That statute requires that the court find the "relief [sought] is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right." *Id.*

Furthermore, the pendency of this action does not give the court jurisdiction over prison officials in general. *Summers v. Earth Island Inst.*, 555 U.S. 488, 491–93 (2009); *Mayfield v. United States*, 599 F.3d 964, 969 (9th Cir. 2010). The court's jurisdiction is limited to the parties in this action and to the viable legal claims this action is proceeding on. *Summers*, 555 U.S. at 491−93; *Mayfield*, 599 F.3d at 969.

B. <u>Discussion</u>

Plaintiff has not met the requirements for the injunctive relief he seeks in this motion. The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2); 28 U.S.C. § 1915(e)(2)(B)(ii).

As noted above, the court has not yet screened the complaint. As such, this action does not yet proceed on any cognizable claims, no defendant has been ordered served, and no defendant has yet made an appearance. Thus, the court at this time lacks personal jurisdiction over any named defendants or other individuals who might be involved in determining whether Plaintiff is experiencing a medical emergency and what, if any, medical care is warranted.

To the extent Plaintiff believes he is in danger, he has other avenues of relief available to him, including filing a petition for writ of habeas corpus in state court. *E.g.*, *People v. Brewer*, 235 Cal. App. 4th 122, 138, 185 Cal. Rptr. 3d 104, 114 (2015) (a California trial court may grant habeas corpus petitioner's prospective relief to redress recurring, persistent deprivations of prisoners' rights at correctional facilities). The issue is not that Plaintiff's allegations are not serious or that he is not entitled to relief if sought in the proper forum. The issue is that Plaintiff cannot use this action to obtain the relief he seeks. The seriousness of Plaintiff's allegations concerning feared impending harm cannot and do not overcome a jurisdictional bar. *Zepeda v. United States Immigration & Naturalization Serv.*, 753 F.2d 719, 727 (9th Cir. 1985) ("A federal court may issue an injunction if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court.")

## II. MOTION TO APPOINT COUNSEL

With respect to Plaintiff's request for appointment of pro bono counsel, Plaintiff does not have a constitutional right to appointed counsel in this action, *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *rev'd in part on other grounds*, 154 F.3d 952, 954 n.1 (9th Cir. 1998), and the court cannot require an attorney to represent Plaintiff pursuant to 28 U.S.C. § 1915(e)(1). *Mallard v. U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, however, the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). *Rand*, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, a district court must evaluate both the likelihood of success on

the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." *Id.* (internal quotation marks and citations omitted).

The court has considered Plaintiff's request but does not find the required exceptional circumstances. Even if it is assumed that Plaintiff has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional. This court is faced with similar cases filed almost daily by prisoners who must also conduct legal research and draft pleadings without the assistance of counsel and with limited access to the law library.

Furthermore, at this stage in the proceedings, the court cannot determine whether Plaintiff is likely to succeed on the merits. Plaintiff's complaint has not yet been screened, and therefore the court cannot evaluate the likelihood of success on the merits. Finally, based on a review of the record in this case, the court does not find that Plaintiff cannot adequately articulate his claims.

## III. ORDER AND RECOMMENDATION

Accordingly, it is HEREBY ORDERED as follows:

1. The Clerk of the Court is DIRECTED to randomly assign a district judge to this action; and
2. Plaintiff's motion for appointment of counsel, (ECF No. 18), is DENIED, without prejudice.

Furthermore, it is HEREBY RECOMMENDED that Plaintiff's motion for temporary restraining order, (ECF No. 18), be DENIED.

These findings and recommendations are submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l)(B). Within fourteen (14) days after being served with a copy of these findings and recommendations, a party may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Objections, if any, shall not exceed fifteen (15) pages or include exhibits. Exhibits may be referenced by document and page number if already in the record before the court. Any pages filed in excess of the 15-page limit may not be considered. The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838–39 (9th Cir. 2014). This

recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Federal Rule of Appellate Procedure 4(a)(1) should not be filed until entry of the district court's judgment.

IT IS SO ORDERED.

Dated: **October 13, 2026**

UNITED STATES MAGISTRATE JUDGE